UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. BERMUDEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>J. ALLISON, et al.,<br><br>   Defendants. | Case No. 20-cv-00860-TSH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Corcoran State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging that Salinas Valley State Prison correctional officials violated his constitutional rights. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. For the reasons set forth below, the complaint is DISMISSED with leave to amend. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint makes the following factual allegations. On April 12, 2005, when plaintiff arrived at SVSP, he was brought before the Institutional Classification Committee, which consisted of defendants Chief Deputy Warden J. Allison, G. Ponder, Dr. Anwar, correctional counselor II R. Burgh, and correctional officer Bailey. Defendants decided that the police report related to plaintiff's commitment offense was sufficient to justify affixing an "R" suffix to plaintiff's custody designation. Plaintiff alleges that this decision violated 15 Cal. Code Regs. § 3377.1(b)(9), which provides that an "R" suffix shall not be applied if the inmate was acquitted or found not guilty of the sex related charges. Plaintiff alleges that defendants acted with "deliberate indifference liability negligence." Dkt. No. 1 at 3.

The Court suffers from the following deficiencies.

First, it is unclear what right secured by the Constitution or laws of the United States was violated by defendants' actions. It appears that plaintiff may be seeking to bring an Eighth Amendment claim. The Eighth Amendment prohibits deliberate indifference to inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994). Here, plaintiff has not specified how affixing a "R" suffix to his custody designation constituted deliberate indifference to his safety. Because it

appears this deficiency could be remedied, the Court will dismiss the complaint with leave to amend to allow plaintiff to allege facts that state a cognizable Eighth Amendment claim, if such facts exist. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to pro se plaintiffs"). To assist plaintiff in preparing the amended complaint, the Court reviews the elements of an Eighth Amendment deliberate indifference to inmate safety claim. The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* at 837. If plaintiff seeks to bring an Eighth Amendment claim, he must explain how affixing a "R" suffix to his custody designation exposed him to dangerous conditions, and allege facts from which it can be reasonably inferred that defendants were aware of the substantial risk of serious harm to plaintiff.

Second, plaintiff's allegation that the affixing of an "R" suffix to his custody designation violated 15 Cal. Code Regs. § 3377.1(b)(9) fails to state a cognizable Section 1983 claim. Section 1983 does not impose liability for violations of state law, including title 15 of the California Code of Regulations. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001).[1] To the extent that plaintiff

---

[1] Furthermore, the exhibits attached to the complaint contradict the claim that the "R" suffix violates 15 Cal. Code Regs. § 3377.1(b)(9). Plaintiff was not acquitted or found not guilty of sex related charges, as alleged in the complaint. Rather, the district attorney declined to bring charges against plaintiff with respect to the victim's allegations that plaintiff forced her to orally copulate him and then raped her. Dkt. No. 1 at 7. However, it is unclear from the complaint what the basis was for the affixation of the "R" suffix.

seeks to state a due process claim, i.e. argue that state law, specifically 15 Cal. Code Regs. § 3377.1(b), has created a liberty interest in being free of an "R" suffix, plaintiff must explain how 15 Cal. Code Regs. § 3377.1(b) has created a liberty interest protected by the due process clause of the federal Constitution. An allegation that a prisoner has received an erroneous custody designation generally does not show a due process violation. The liberty in question generally is not protected by the Due Process Clause because the deprivation of a correct classification or custody designation cannot be characterized as one of "real substance," i.e., it does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. O'Connor*, 515 U.S. 472, 484 (1995), or "inevitably affect the duration of [a] sentence," *id*. at 487. The changes in conditions relating to classification and reclassification do not implicate the Due Process Clause itself. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular classification). Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). A classification decision that results in a prisoner being labeled a sex offender might, under certain circumstances, result in a deprivation of a liberty interest of real substance. *See Neal v. Shimoda*, 131 F.3d 818, 827-30 (9th Cir. 1997). In *Neal*, the court held that the state's program that labeled a prisoner as sex offender and required him to successfully complete a treatment program as a precondition for parole eligibility implicated a constitutionally-protected liberty interest such that procedural protections were required before the sex offender label could be placed on the prisoner. *Id*. at 828-29. The "sex offender" label, combined with the particular consequences that flowed from that label , created a protected liberty interest in *Neal*. *See, e.g., Hogg v. Cox*, 2016 WL 4151404, at *1 (9th Cir. 2016) (due process claim based on classification of inmate as a sex offender properly dismissed because plaintiff did not allege facts sufficient to show that the classification implicated a liberty interest and that he was denied procedural protections prior to his classification, but district court erred in not giving plaintiff leave to amend to cure those deficiencies); *Barno v. Ryan*, 399 F. App'x 272, 273 (9th Cir. 2010) (due process claim based on inmate's classification as a sex offender properly dismissed "because the alleged

4

classification error did not result in any deprivation or changes in the conditions of confinement that constituted an 'atypical and significant hardship'"). Here, plaintiff has not alleged facts showing that the "R" suffix comes with any official consequences comparable to those that lead the *Neal* court to find a protected liberty interest. For example, he has not alleged that the "R" suffix requires him to register as a sex offender, mandates that he take part in a sex offender treatment program, makes him ineligible for parole absent treatment for a mental illness, or results in some unusually harsh housing placement for an extended duration. If plaintiff wishes to allege a due process claim in the amended complaint, plaintiff must allege facts, if they exist, that show that the decision to affix and "R" suffix to his custody designation caused an atypical and significant hardship in relation to the ordinary incidents of prison life or will affect the duration of his confinement, and he must identify the procedural protections – such as notice or a hearing – not provided to him before he was deprived of that protected liberty interest.

Finally, the Court notes that it appears that plaintiff's action may be barred by the statute of limitations. The classification decision at issue took place in 2005, almost fifteen years ago. Generally speaking, in California, the statute of limitations period for Section 1983 actions is two years,[2] see *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004), and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action, see *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999).

It is federal law, however, that determines when a cause of action accrues, and the statute of limitations begins to run in a § 1983 action. *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (though federal courts often refer to common law tort principles when deciding questions of accrual, such principles are meant to guide rather than control the definition of § 1983 claims. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action, *Gregg v. State of Hawaii DPS*, 870 F.3d 883, 887, 889 (9th Cir. 2017) (finding claim accrued and statute of limitations began to run when plaintiff knew,

---

[2] The statute of limitations period may be statutorily or equitably tolled under certain circumstances. *See, e.g.*, Cal. Civ. Proc. Code § 352.1(a) (tolling limitations period for two years for incarcerated plaintiffs).

or could have known through reasonable diligence, that her emotional discomfort was caused by defendant's improper conduct in therapy). It is unclear from the complaint whether this action is barred by the statute of limitations because it is unclear what injury was suffered by plaintiff.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 20-00860 TSH (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to plaintiff. The Clerk shall include two copies of the court's complaint with a copy of this order to plaintiff.

**IT IS SO ORDERED.**

Dated: 4/17/2020

THOMAS S. HIXSON
United States Magistrate Judge