FILED

Jan 26 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. BERMUDEZ,<br>        Plaintiff,<br>   v.<br>J. ALLISON,<br>        Defendant. | Case No. 20-cv-00860-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: ECF No. 27 |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now pending before the Court is defendant SVSP Warden Allison's motion to dismiss. ECF No. 27. Plaintiff has not filed an opposition and the deadline to do so has since passed. For the reasons set forth below, the Court GRANTS the motion to dismiss. ECF No. 27.

**DISCUSSION**

**I.  Amended Complaint**

Liberally construed, the amended complaint alleges that, in 2005, SVSP Chief Deputy Warden J. Allison was deliberately indifferent to Plaintiff's safety when she allowed an "R" suffix[1] to be incorrectly affixed to his chrono, in violation of the Eighth Amendment. ECF Nos. 11, 12. The amended complaint alleges that the "R" suffix is incorrect because Plaintiff was never charged with rape or oral copulation, much less acquitted of, or found not guilty of,[2] such charges. *See generally* ECF No. 11. The amended complaint alleges that the "R" suffix places Plaintiff's

---

[1] 15 Cal. Code Civ. Regs. § 3377.1(b) provides that an "R" suffix "shall" be affixed to an inmate's custody designation to identify inmates who have a history of specific sex offenses as outlined in Cal. Penal Code § 290. 15 Cal. Code Civ. Regs. § 3377.1(b).
[2] So says the amended complaint. Probably he means much less *convicted* of such charges.

1 life at risk. *Id.* Plaintiff seeks to have the "R" suffix "removed from [his] Institution
2 Classification Committee and on the part of [his] 128G Chrono Committee," and seeks
3 compensatory damages of $4.2 million. *Id.*

**II.     Motion to Dismiss**

    **A.     Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (internal quotation marks omitted). Dismissal is proper under Rule 12(b)(6) "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)). The Court must liberally construe a *pro se* litigant's complaint. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011)). When assessing the legal sufficiency of a plaintiff's claims, the Court must accept as true all well-pleaded allegations of material fact and construe them in the light most favorable to the plaintiff. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court is "not required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of facts, or unreasonable inferences." *Daniels-Hall*, 629 F.3d at 998.

Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Dismissal on statute of limitations grounds can be granted pursuant to Rule 12(b)(6) "'if it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Dismissal for failure to exhaust is appropriate where "a failure to exhaust is clear on the face of the complaint." *Albino v.*

2

*Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (defendant may move for dismissal under Rule 12(b)(6) where exhaustion is clear on the face of the complaint).

### B.     Analysis

Defendant Allison has filed a motion to dismiss this action on the grounds that (1) Plaintiff failed to exhaust administrative remedies prior to filing suit; (2) Plaintiff's claims are time-barred by the applicable statute of limitations; (3) Plaintiff has failed to state an Eighth Amendment claim; and (4) the Eleventh Amendment bars Plaintiff from seeking damages from Defendant Allison in her official capacity.  ECF No. 27.  Plaintiff has not filed an opposition, and the deadline to do so has since passed.

As explained in further detail below, the Court finds that, viewing the record in the light most favorable to Plaintiff, it is clear from the face of the complaint that Plaintiff's claim is time-barred.

Defendant Allison argues that Plaintiff's claim is time-barred because Plaintiff's claim accrued on April 21, 2005, when the prison's Classification Committee assigned him an "R" suffix designation, and this action was commenced fifteen years later, in 2020.  In the amended complaint, Plaintiff argues, "How is there time limitations on something that "<u>NOT</u>" there on my criminal (record) and "<u>never</u>" been convicted in a court of law!"  ECF No. 11 at 3 (emphasis in original).

Section 1983 does not contain its own limitations period.  "Without a federal limitations period, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Wilson v. Garcia*, 471 U.S. 261, 276–79 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–78 (2004)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Section 1983 actions are characterized as personal injury actions for statute of limitations purposes.  *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019).  In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at Cal. Civ. Proc. Code § 335.1.  *See* Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).  The

3

1    applicable statute of limitations for Section 1983 actions brought in California is therefore two

2    years. A federal court must also give effect to a state's tolling provisions when applicable. *See*

3    *Hardin v. Straub*, 490 U.S. 536, 538, 544 (1989). In relevant part, California law tolls the

4    limitations period for two years for the disability of imprisonment. Cal. Civ. Proc. Code §

5    352.1(a). Accordingly, an inmate bringing a Section 1983 action has, generally speaking, four

6    years from the date the claim accrued to file a Section 1983 action raising that claim.

7    While state law provides the statute of limitations, it is federal law that determines when a

8    cause of action accrues, and the statute of limitations begins to run. *Wallace*, 549 U.S. at 388;

9    *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). Under federal law, a claim generally

10   accrues when the plaintiff knows or has reason to know of the injury which is the basis of the

11   action. *Id.* (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)). But accrual ultimately

12   depends on the substantive basis of the claim. *See, e.g.*, *Bradford v. Scherschligt*, 803 F.3d 382,

13   387–89 (9th Cir. 2015) (claim for deliberate fabrication of evidence accrues when charges are

14   fully and finally resolved and can no longer be brought against defendant; here, acquittal at

15   retrial).

16   Because Plaintiff's claim arises out of the 2005 affixing of the "R" suffix, his claim is

17   time-barred. Plaintiff has identified his injury as the affixing of the "R" suffix. Plaintiff alleges

18   that the "R" suffix has placed his life at risk, and that "R" suffix was improperly affixed given that

19   he has no record of being convicted for a sex crime. Plaintiff was aware of both the "R" suffix

20   and his record lacking a sex crime conviction in 2005. His Eighth Amendment claim arising out

21   of the 2005 affixing of the "R" suffix therefore accrued in 2005. The statute of limitations on

22   claims challenging the 2005 placement of the "R" suffix expired in 2009. Plaintiff's action, filed

23   in 2020, is untimely by over a decade.[3] The Court therefore GRANTS the motion to dismiss the

24   action as time-barred, and DISMISSES this action with prejudice as untimely. Because the Court

25   has dismissed this action as untimely, the Court declines to address the remaining arguments.

---

[3] Plaintiff could, however, challenge his "R" suffix if he stated a claim that had accrued in the past four years. For example, a claim challenging his "R" suffix might be timely if he only became aware of the injury/danger posed by the "R" suffix sometime in the past four years or if he were challenging an unsuccessful attempt to remove the "R" suffix that happened in the past four years.

4

United States District Court
Northern District of California

**CONCLUSION**

For the reasons set forth above, the Court GRANTS the motion to dismiss this action as time-barred. ECF No. 27. The Clerk shall enter judgment in favor of Defendant and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated: January 26, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge